HILL, BETTS & NASH LLP
Mark M. Jaffe
James D. Kleiner
Kenneth F. McGinis
Attorneys for Plaintiff
*Crimson Marine Company*
One World Financial Center
200 Liberty Street, 26th Floor
New York, New York 10281
Tel:   (212) 839-7000
Fax:   (212) 466-0514

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CRIMSON MARINE COMPANY,

                    Plaintiff,           09 Civ. 9841 (RJH)

    - against -

KOREA LINE CORPORATION

                    Defendant.

------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT
OF THE APPLICATION OF CRIMISON MARINE COMPANY
<u>FOR AN *EX PARTE* ORDER OF ATTACHMENT</u>**

Plaintiff, Crimson Marine Company ("CMC"), by and through its attorneys, Hill, Betts & Nash LLP, respectfully submits this Memorandum of Law and Declaration of James D. Kleiner in support of its application pursuant to Rule 64(a) of the Federal Rules of Civil Procedure ("Federal Rules") and Section 7502(c) of the New York Civil Practice Law and Rules ("CPLR") for an *ex parte* Order of Attachment in aid of arbitration to secure Plaintiff's claims, currently in the sum of $4,138,373.79 (inclusive of interest and legal expense), in a pending London arbitration, against Defendant Korea Line Corporation.[1]

## JURISDICTION

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime sales contract, seeking recovery of deficient payments pursuant to a charter party. This case thus falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

In the instant case, however, the Court has an additional basis for federal subject matter jurisdiction, pursuant to 28 U.S.C. §1331, in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.* See, in particular, 9 USC §203 ("The district courts of the United States ... shall have original jurisdiction over such action ...").

---

[1] Plaintiff reserves the right to supplement its request for security up to and including the full balance of hire that will become due under the Charter Party.

## PRELIMINARY STATEMENT

Plaintiff herein filed its Verified Complaint, praying for an *ex parte* Order of Attachment under CPLR §7502(c), to secure a likely favorable award in the London arbitration, on the ground that any award to which Plaintiff is entitled may be rendered ineffectual without such relief. *See* CPLR §7502(c).

CPLR §7502(c) incorporates the provisions of Article 62 of the CPLR, wherein attachment of a debtor's assets is permissible, under §6212(a), where: (1) there is a cause of action, (2) it is probable that the plaintiff will succeed on the merits, (3) that one or more grounds for attachment provided in Section 6201 (in this case, the Section 7502 ground) exist and (4) that the amount demanded from the defendant exceeds all counterclaims known to plaintiff. At this time, there is an arbitration pending in London. Defendant's egregious conduct, set forth in detail in the Amended Verified Complaint, demonstrates that Plaintiff will likely succeed on the merits. The Defendant, moreover, is a Korean corporation; it has recently been named in several law suits, for non payment of its debts; it has admitted that it lacks sufficient funds to meet its obligations to plaintiff; and any arbitration award rendered in London will be difficult if not impossible to enforce against this Defendant in Korea. CMC's proposed *ex parte* Order of attachment seeks to attach any and all property Korea Line Corporation may have in this jurisdiction.

## FACTS

The facts are set forth in detail in the accompanying Amended Verified Complaint ("Am. Verif. Cmpt."), Exhibit A, annexed to the Declaration of James D. Kleiner, plaintiff's attorney ("Kleiner Decl.").

Plaintiff's claims arise under a charter party contract (the "Charter Party") dated February 29, 2008 between plaintiff, as ship owner, and defendant, as charterer, of the vessel, MV GEORGIANA (the "Vessel") for a minimum period of thirty-five (35) months not to exceed thirty-eight (38) months, at an agreed daily rate of hire of $39,000.00, to commence upon delivery of the vessel to defendant. See, "Addendum No. 2," to the Charter Party, Ex. 1 to the Complaint. Kleiner Decl., Ex. A (at page 36).

According to the schedule of hire payments, prepared by plaintiff's accounts department, the first payment of hire was due on October 31, 2008. See, Appendix A to the Complaint. Ex. A (at page 11). Defendant made the first two hire payments without issue. The following four hire payments were not made thirty days in advance, but were unilaterally split into installments by the Defendant, in breach of its obligations under the Charter Party. *Id.*

From the seventh hire payment onwards, in breach of the Charter Party, the Defendant has unilaterally reduced its payment of Charter hire from the contractual daily rate of $39,000.00, to $26,000.00 per day, and has continued to pay this amount in installments instead of the required one lump sum thirty days in advance. *Id.*

Defendants, at all the material times, admitted that its breach Charter Party (i.e., its inability to pay more than a rate of $26,000 per day) was due to its "many difficulties" arising from "the depressed dry bulk market" which had left it without "any options." See, by way of example, the June 5, 2009, email from Korea Line Corp. to Owners of MV GEORGIANA, Kleiner Decl. Ex. B. Plaintiff has repeatedly demanded payment by defendant, advising that "Owners do not accept Charterers' payment ... with unilateral

reduction" and reserving all rights. See, for example, the August 31, 2009 email sent to defendant by Doris Kuo of Sincere Navigation Corp., via agents. Kleiner Decl., Ex. C.

As of November 25, 2009, the periodic shortfall in defendant's hire payments had grown to an aggregate principal sum of $3,516,405.19, which is past due. Appendix A to the Complaint.

The Charter Party, Clause 17, requires the claims herein be submitted to arbitration in London. Kleiner Decl., Ex. A (at page 16, line 107). Plaintiff has initiated arbitration against Defendant. Kleiner Decl., Exh. D.

As explained in the Complaint, interest, costs and attorneys' fees are recoverable in such arbitrations. *Id.* ¶25, Ex. A (at page5). Accordingly, on plaintiff's accrued claim of $3,516,405.19, should be added estimated $421,968.60 interest, estimated at 6% (simple interest) for two years, and $200,000 costs and attorneys' fees, for a total security of $4,138,373.79. On December 25, 2009 (and succeeding 30-day periods) additional hire will become due; and if Defendant continues to underpay, plaintiff's claim will grow to the principal sum of $11,406,405.19.

As set forth below, all grounds for the attachment in aid of such arbitration have been met.

## ARGUMENT

### I. GROUNDS FOR ATTACHMENT UNDER CPLR §7502(C)

Rule 64 of the Federal Rules authorizes the use of state procedural law to seize property to secure satisfaction of a potential judgment. However, a federal statute always governs, to the extent it applies. Pursuant to Fed.R.Civ.P. Rule 64:

> At the commencement of and throughout an action, every remedy is available that, under the law of the state where

> the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.

Fed.R.Civ.P. Rule 64; *Sivault Systems, Inc. v. Wondernet, Ltd.*, 2005 WL 681457 (S.D.N.Y. 2005), at *2.

New York's CPLR Section 7502(c) was amended in October 2005 to provide for attachment in aid of *foreign* arbitrations that are covered by the Convention, such as the London arbitration provided for in the parties' Charter Party. 9 USC § 202.

In relevant part, Art. 7502(c) provides:

> [The Court] may entertain an application for an order of attachment or for a preliminary injunction in connection with an arbitration that is pending or that is to be commenced inside or outside the state, <u>whether or not it is subject to the United Nations convention</u> on the recognition and enforcement of foreign arbitral awards, *but only on the ground that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief.* ...

(emphasis added). Section 7502(c) further provides that the provisions of Article 62 shall apply to the application, "except that the sole ground for granting of the remedy shall be as stated above."

Courts interpreting Section 7502 (c) have held that the requirements contained in CPLR §6212(a) govern an application for an Order of Attachment under Section 7502(c), except that the party moving to confirm an attachment is not required to prove the bases for the attachment specified under CPLR §6201. Rather, the sole ground for granting an Order of Attachment in aid of arbitration is that stated in §7502(c) viz., that "the award to which the applicant may be entitled may be rendered ineffectual without such provisional remedy. Case law interpreting CPLR §7502(c) has clarified that a party seeking an attachment must show that (1) there is a cause of action; (2) it is probable that plaintiff

will succeed on the merits; (3) the amount demanded from the defendant exceeds all counterclaims known to the plaintiff; and (4) any arbitration award to which plaintiff may be entitled "may be rendered ineffectual" without the attachment. CPLR §6212(a); CPLR §7502(c); *SiVault Systems, Inc. v. Wondernet, Ltd.*, 2005 WL 681457 at *3. The decision whether to grant the relief rests with the sound discretion of the Court, having regard to circumstances and in the interests of securing a just outcome. *Id.* at 3.

## II. PLAINTIFF HAS DEMONSTRATED A PROBABILITY OF SUCCESS ON THE MERITS

The Amended Verified Complaint herein, Exhibit 1 and Appendix thereto, establish that Defendant, Korea Line Corporation, repeatedly reneged on its payment obligations under its February 29, 2008 Charter Party. Kleiner Decl. Ex. A. As a result, Plaintiff is presently entitled to recover the amount of $3,516,405.19, which with estimated interest and legal costs, over the course of the arbitration, yields a claim calculation of $4,138,373.79. Defendant's clear and repeated breaches of Contract amply demonstrate both the existence of a valid cause of action and the likelihood of success on the merits of Plaintiff's claims in the recently commenced London arbitration.

## III. PLAINTIFF HAS PROVEN THE GROUND FOR ATTACHMENT UNDER CPLR 7502(c)

As noted above, when attachment is sought in aid of arbitration under CPLR §7502(c), the statute clearly requires that the "sole ground" for the granting of the attachment shall be "that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief."

In the instant case: (1) Korea Line Corporation's blatant conduct in connection with its Contract; and (2) its registration to do business in New York, a stratagem to place its assets beyond the reach of its creditors, such as Plaintiff, under Admiralty Rule B, all

indicate that Defendant will do everything in its power to avoid honoring any award from the London arbitration, and there is hence a risk that any arbitration award may be rendered ineffectual without the attachment of respondent's property while it is still within this jurisdiction.

All of the foregoing circumstances demonstrate an ample and reasonable basis to believe that any arbitration award to which plaintiff might be entitled may be rendered "ineffectual," within the meaning and purpose of C.P.L.R. §7502(c).

### IV. NO KNOWN COUNTERCLAIMS

With respect to the final requirement of C.P.L.R. 6212(a), the Amended Verified Complaint avers that "[p]laintiff knows of no counterclaim and on information and belief the Plaintiff's claim herein is in excess of any counterclaim." *Id.* ¶36.

### V. OTHER CIRCUMSTANCE – FEDERAL POLICY FAVORING ARBITRATION

The Amended Verified Complaint further establishes that the parties, by agreeing in their contract to arbitrate in London, have brought themselves and this matter within the Convention on the Enforcement and Recognition of Foreign Arbitral Awards. 9 U.S.C. §201 *et seq.*, giving this Court original jurisdiction in this matter and making federal law (including the robust federal policy favoring arbitration) applicable to the attachment which is specifically in aid of such arbitration. "As Judge Hand explained, the desire for prompt decisions in arbitration manifested in both the Convention and the [Federal Arbitration Act] is entirely consistent with a desire to make as effective as possible recovery upon awards, after they have been made which is what provisional remedies do." *Arnold Chase Family LLC v. UBS AG et al.*, 2008 WL 3089484 (D. Conn.) Aug. 4, 2008, quoting from *Murray Oil Products v. Mitsui*, 146 F.2d 381, 284 (2d

Cir. 1944). Petitioner only seeks to secure effective recovery for its claims pending an award in the London arbitration.

## VI. PLAINTIFF'S CLAIM IS A MARITIME CLAIM GOVERNED BY FEDERAL MARITIME LAW

Plaintiff's underlying claims, upon which the pending arbitration is based, arise under a charter party contract relating to the vessel "M/V GEORGIANA." Such contracts are maritime contracts and thus within the Court's maritime subject matter jurisdiction. In addition, this Court has federal subject matter jurisdiction under the Convention, 9 USC 202.

## VII. REQUEST THAT THE UNDERTAKING BE THE MINIMUM AMOUNT REQUIRED BY ARTICLE 62 SUBJECT TO INCREASING IT IF PROPERTY OF DEFENDANT IS ATTACHED

Under Section 6212(b) Plaintiff is required to give an undertaking on a motion for an order of attachment in an amount to be fixed by the Court but not less than $500. Plaintiff respectfully requests that it be permitted to file the minimum undertaking permitted by statute, *i.e.*, $500 into the court's registry. In the event Plaintiff is successful in attaching property of Defendant, the court may modify the form and amount of the undertaking as appropriate.

## VI. APPOINTMENT OF PROCESS SERVER, TO ALLEVIATE BURDEN TO US MARSHAL AND GARNISHEE BANKS

To avoid burdening the United States Marshal's office with extensive service of attachments required in civil matters – and to free up their resources for more essential duties – Plaintiff respectfully requests a provision in the Order authorizing service of the Order of attachment by any person at least 18 years of age and not a party to this action appointed by Plaintiff's counsel, Hill, Betts & Nash LLP.

Likewise, garnishee banks sometimes prefer follow-up service of the Order to be by fax or email, to avoid burdening their own personnel with repetitive physical service. Plaintiff therefore also requests authorization for such service, providing: (1) there is first service by hand of a physical copy of the Order; and (2) the garnishee in question manifests its consent.

## CONCLUSION

For the reasons stated herein, Plaintiff Crimson Marine Company respectfully requests that this Court issue the *ex parte* Order of Attachment, in the form annexed hereto.

Dated: New York, New York
December 8, 2009

HILL, BETTS & NASH LLP

By *James McGinis*
Mark M. Jaffe (MJ-4855)
James D. Kleiner (JK-6033)
Kenneth F. McGinis (KM-9664)
Attorneys for Plaintiff
Crimson Marine Company
One World Financial Center
200 Liberty Street, 26th Floor
New York, New York 10281
(212) 839-7000